UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRISHNA DESAI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO. 3:25-cv-86-OAW |
| | : |
| QUEST DIAGNOSTICS, LLC, | : |
| | : |
| Defendant. | : |

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

Pending before the court is Defendant Quest Diagnostic's Motion to Compel. (Dkt. #43.) The Honorable Omar A. Williams has referred the Motion to the undersigned. (Dkt. #49.) For the reasons that follow, Defendant's Motion is GRANTED.

I.      BACKGROUND

Plaintiff Krishna Desai commenced this personal injury action against Defendant Quest Diagnostics in Connecticut Superior Cout on or about December 19, 2024, alleging negligence in connection with a blood draw.[1] (Dkt. #1-1.) Plaintiff alleges that, as a result of a blood draw performed at Defendant's clinic, she has suffered permanent and severe injuries to her left wrist and arm. *Id.* ¶ 11. Plaintiff further alleges that the injuries prevent her from performing many of life's daily activities, including her job as a dentist. *Id.* She seeks damages for medical and mental health treatment, emotional harm, loss of income, and loss of enjoyment. *Id.* ¶ 12-16.

Defendant served its first set of Interrogatories and Requests for Production on Plaintiff on April 8, 2025. (Dkt. #45-2 at 2.) Request for Production No. 4 states: "Please complete the medical

---

[1] After being served with the Complaint, Defendant removed the case to the United States District Court for the District of Connecticut on the basis of diversity jurisdiction. (Dkt. #1.)

1

records authorizations attached as **Exhibit A**. If there are additional medical providers, identify and provide the address for each and every medical provider that Plaintiff was treated by and provide a medical authorization for each provider." *Id.* at 10. Plaintiff objected to the Request, claiming that it "places an undue burden on the Plaintiff to provide access to all medical records without any specificity as to treatment, body part, condition or timeframe." (Dkt. #45-3 at 11.) Defendant communicated to Plaintiff its belief that the objection was improper, and the parties met and conferred in an attempt to resolve this dispute without Court intervention. (Dkt. #44 at 6.) After the meeting, Plaintiff issued a Supplemental Response that, according to Defendant, remains deficient. *Id.* Defendant then filed the instant Motion to Compel a complete response to Request for Production No. 4 and a Memorandum in Support of the Motion. (Dkts. #43, 44.) Plaintiff timely objected to the Motion on October 29, 2025. (Dkt. #51.)

II.     LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The party moving to compel discovery bears the burden of demonstrating "that the request are within the scope of Rule 26(b)(1)." *Conservation L. Found., Inc. v. Shell Oil Co.*, No. 3:21-CV-933 (JAM), 2023 U.S. Dist. LEXIS 147065, at *34 (D. Conn. Aug. 22, 2023). After the party requesting discovery has demonstrated relevance according to the requirements of Rule 26, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

III.   DISCUSSION

Turning to the instant Motion, Defendant argues that the medical records are relevant because Plaintiff has put her medical condition at issue by claiming personal injury and that Defendant is entitled to explore what injuries and symptoms, if any, may have been pre-existing to the injury. (Dkt. #44 at 7-8.) Plaintiff opposes the Motion on the grounds that the requested medical records are not relevant to the injuries at issue, are overly broad, and place an undue burden on Plaintiff. (Dkt. #51 at 4-7.) The Court agrees with Defendant's position that the requested discovery is relevant to this action and finds that the production does not create an undue burden on the Plaintiff.

Because Plaintiff seeks damages for injuries suffered during a blood draw accident allegedly caused by Defendant, Plaintiff's medical condition is at issue. *Bauman v. 2810026 Can. Ltd.*, No. 15-CV-374A(F), 2016 U.S. Dist. LEXIS 12698, at 2* (W.D.N.Y. Feb. 3, 2016) ("[I]t is basic that commencing an action based on alleged personal injury places a plaintiff's mental and physical condition at issue."). And when a Plaintiff's medical condition is at issue, they relinquish certain rights to privacy in their medical records. *See Wallace v. Best Buy Stores, L.P.*, No. 3:11cv994 (AWT), 2012 U.S. Dist. LEXIS 161837, at *4-5 (D. Conn. Nov. 13, 2012) ("The plaintiff is claiming significant damages resulting from her physical injuries. As a result, the defendant is entitled to the plaintiff's medical information.") (collecting cases). By commencing this action, Plaintiff broadened the scope of relevant, discoverable medical records.

Plaintiff erroneously contends that Defendant's request for the medical authorizations "bears no logical relation to the specific allegations set forth in the pleadings." (Dkt. #51 at 6.) The Court disagrees. The discovery request is made relevant by the possibility that a pre-existing medical condition, or the conduct of another provider, may adversely affect Plaintiff's negligence

3

and damages claim. As the Eastern District of New York explains, a "[p]laintiff may not put her medical condition at issue, lay the blame for those conditions or injuries on Defendant, and simultaneously shield some portions of her medical history." *De Vargas v. United States*, 401 F. Supp. 3d 346, 348 (E.D.N.Y. 2018). Narrowing discovery to solely accident-related medical records would impermissibly restrict the scope of information relevant to this action.[2]

Finally, because the authorizations only require Plaintiff's signature, there is no identifiable undue burden on Plaintiff to complete the discovery request.

IV. CONCLUSION

Defendant is entitled to the requested medical authorizations.[3] As a result, Defendant's Motion to Compel is GRANTED, and Plaintiff is directed to provide the requested medical authorizations within 30 days. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

---

[2] Plaintiff argues in her Opposition that Defendant failed to justify its belief that the provided medical records were incomplete, and that caselaw dictates a party must do so. (Dkt. #51 at 5.) This argument is unpersuasive. Defendant states in its Motion that there are fourteen outstanding authorizations in light of Plaintiff's previously identified medical providers. (Dkt #44 at 4; *see also* dkt. #45-2 at 15-28.) The Court is unable to discern how this does not constitute a valid belief that the current medical records are deficient. Rather, it appears that Defendant is precisely aware of what records are missing.

[3] The Court acknowledges Plaintiff's argument that "wholly irrelevant records such as gynecological, vision, [and] dental" records are not discoverable. (Dkt. #52 at 7.) However, it does not appear that the requested authorizations seek the production of these types of records. (Dkt. #45-2 at 15-28.) The authorizations cover things like neurology, orthopedic, pain management, physical therapy, and urgent care services, all of which are relevant for the reasons addressed herein. To the extent that the authorizations do cover obstetric, gynecological, dental, and vision records, the Court agrees with Plaintiff's position that they are not relevant.

SO ORDERED on this 5th day of November, 2025 at Hartford, Connecticut.

                                _____/s/_____
                                Robert A. Richardson
                                United States Magistrate Judge