UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KRISHNA DESAI,                          :
                                        :
    Plaintiff,                          :
                                        :
    v.                                  :    CASE NO. 3:25-cv-86-OAW
                                        :
QUEST DIAGNOSTICS, LLC,                 :
                                        :
    Defendant.                          :

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

Pending before the court is Defendant Quest Diagnostic's Motion to Compel Plaintiff Krishna Desai to submit to an independent medical examination before Dr. Lloyd R. Saberski, M.D., in Connecticut pursuant to Federal Rule of Civil Procedure 35(a). (Dkt. #58.) The Honorable Omar A. Williams has referred the Motion to the undersigned. (Dkt. #59.) For the reasons that follow, Defendant's Motion is GRANTED.

I.    BACKGROUND

To briefly summarize the facts of this case, Plaintiff Krishna Desai commenced this personal injury action against Defendant Quest Diagnostics in Connecticut Superior Cout on or about December 19, 2024, alleging negligence in connection with a blood draw.[1] (Dkt. #1-1.) Plaintiff alleges that, as a result of a blood draw performed at Defendant's clinic in West Hartford, Connecticut, she has suffered permanent and severe injuries to her left wrist and arm and has been diagnosed with complex regional pain syndrome ("CRPS"). *Id.* ¶ 11. Plaintiff further alleges that the injuries prevent her from performing many of life's daily activities, including her job as a

---

[1] After being served with the Complaint, Defendant removed the case to the United States District Court for the District of Connecticut on the basis of diversity jurisdiction. (Dkt. #1.)

dentist. *Id.* She seeks damages for medical and mental health treatment, emotional harm, loss of income, and loss of enjoyment. *Id.* ¶ 12-16. Defendant Quest claims that "[b]ecause Plaintiff's allegations put her physical condition in controversy, [it] has good cause to seek medical examinations in order to assess Plaintiff's injuries, disability, and future needs." (Dkt. #58-1 at 5.)

While "good cause" is not currently in dispute, the parties have been unable to reach an agreement as to the location and scope of an independent medical examination ("IME"). Defendant moves to compel an IME to occur in Rocky Hill, Connecticut or New Haven, Connecticut with Dr. Lloyd Saberski, M.D., who Defendant's describe as "a licensed medical doctor and board certified in Pain Management, Internal Medicine and Anesthesiology." (Dkt. #58-1 at 7-8.) Plaintiff opposes the Motion, arguing that the IME should take place in or around Austin, Texas (where she resides).[2] (Dkt. #60 at 5.) Plaintiff also requests limitations regarding the scope of medical testing and questioning during the IME. (Dkt. #60 at 5-6.) For the reasons that follow, the Court agrees with Defendant's position and grants the Motion to Compel.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 35(a) governs medical examinations and provides that the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The court may order an examination "on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A). "A court has broad discretion whether to order a mental examination under Fed. R. Civ. P. 35, 'although the rule is to be construed liberally in favor of granting the examination.'" *Ziemba v. Armstrong*, No. 3:98CV2344

---

[2] In the alternative, Plaintiff requests that the examination proceed in Connecticut but order Defendant to bear the cost of all travel and accommodations. (Dkt. #60 at 5.)

(JCH), 2004 U.S. Dist. LEXIS 6590, at *3 (D. Conn. Mar. 15, 2004) (citing 7 James Wm. Moore, Moore's Federal Practice § 35.05[1] (3rd Ed. 2003)).

III.    DISCUSSION

The parties do not appear to dispute that Plaintiff's physical condition is at issue or that Defendant has good cause to permit the independent medical examination. *See, e.g.*, dkt. #60 at 1 (noting that "Defendants may be entitled to request, and obtain, a physical examination of the Plaintiff given the injuries she has claimed in this case."). Rather, the dispute centers around the location and scope of the IME.

First, the Court considers the dispute over the location of the IME. Rule 35 typically requires a plaintiff "to come to the place where he or she filed suit for the [medical] examination" and "[t]he party being examined must pay his or her own expenses for coming to the examination and bear the loss of time thus caused." *Salemi v. Boccador, Inc.*, No. 2 Civ. 6648 (GEL), 2005 U.S. Dist. LEXIS 6828, at *5 (S.D.N.Y. April 18, 2025) (quoting 8A Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, *Federal Practice and Procedure* § 2234.2, at 476-77 (2d ed. 1994)). If a plaintiff objects to a defendant's proposed location of an independent medical examination, "plaintiff bears the burden of demonstrating 'inconvenience.'" *Mitkish v. Target Corp.*, No. 23-cv-4453 (NJC) (JMW), 2024 U.S. Dist. LEXIS 63162, at *7 (E.D.N.Y. April 4, 2024).

The events giving rise to this lawsuit occurred in Connecticut, and Plaintiff opted to file the lawsuit in Connecticut Superior Court (and the matter was later removed to the United States District Court for the District of Connecticut by Defendant). (Dkt. #1.) Under the general rule that a Rule 35 examination be held in the location where the plaintiff filed the lawsuit, Connecticut becomes the default location for the IME. Because Plaintiff now objects to appearing in

Connecticut for the IME, dkt. #60, the burden shifts to Plaintiff to demonstrate "inconvenience" in traveling to Connecticut.

Plaintiff argues that undergoing an independent medical examination in Connecticut will be burdensome for two reasons: first, it will require significant cross-country travel and, second, it will be financially burdensome. (Dkt. #60 at 5-6.) Although Plaintiff lived in Connecticut when the alleged blood draw occurred, she has since relocated to Austin, Texas with her family. (Dkt. #60 at 2.) Plaintiff thus claims that any trip to Connecticut in connection with this matter requires travel: from Texas to California for childcare purposes, from California to Connecticut for this matter, from Connecticut back to California to pick up her child, and finally from California back home to Texas. *Id.* Plaintiff was deposed on February 25, 2026 in Connecticut, which required all of the aforementioned travel segments. *Id.* at 2-3.

In light of the travel inconvenience, defense counsel offered to schedule Plaintiff's IME for February 27, 2026—two days after her deposition. *Id.* This would have allowed Plaintiff to complete both her deposition and IME during a single trip to Connecticut, rather than requiring a subsequent trip. Plaintiff declined the offer due to childcare constraints. *Id.* at 3. Defendant also offered several dates and locations (in Connecticut) for the IME to take place in another effort to minimize the hardship to Plaintiff. (Dkt. #58-1 at 7.) Plaintiff opposes those options, and contends that Defendant's IME should take place in or around Austin, Texas. (Dkt. #60 at 5.)

While the Court is sympathetic to the time and financial constraints of making a second trip to Connecticut for the IME, it finds that Plaintiff has not established sufficient "hardship" to render Defendant's request unreasonable. Plaintiff has offered no evidence suggesting that the travel poses a physical and/or medical hardship which would hinder her ability to make the trip to

Connecticut.[3] Additionally, Plaintiff's request would require Defendant to find and retain a Texas medical examiner (who may very likely have to travel to Connecticut in the future to provide trial testimony). Defendant has already selected a Connecticut medical examiner, and the burden is not on Defendant to find a qualified medical provider in a locale closer to Plaintiff's residence.

Plaintiff also requests that Defendant pay for all costs associated with the IME if it takes place in Connecticut because Defendant "declined to accommodate her familial situation." (Dkt. #60 at 5-6.) However, the general rule provides that the examinee bears all costs associated with the IME, *Salemi*, 2005 U.S. Dist. LEXIS 6828, at *5, and Plaintiff has proffered no evidence of her inability to finance the travel. Likewise, Defendant offered to schedule the IME during Plaintiff's February trip to Connecticut (for her deposition) in an effort to avoid the cost of a second trip. (Dkt. #60 at 5-6.) That offer was declined, *id.*, and Defendant should not now bear the financial burden of Plaintiff's travel. The Court grants Defendant's Motion to Compel an independent medical examination in Connecticut with Dr. Saberski.[4]

Second, the Court considers the parties' dispute over the scope of the IME. Plaintiff argues that the medical examiner should "not be permitted to perform any invasive testing such as an EMG nerve conduction test." (Dkt. #60 at 6.) In its Reply Brief, Defendant contends that it has provided Plaintiff with an overview of the type of testing that will be performed and that Dr.

---

[3] Indeed, Plaintiff "voluntarily appeared in person in Connecticut for her deposition on February 25, 2026." (Dkt. #61 at 2.)

[4] The Court denies Defendant's Motion to Compel only insofar as it requires the proposed IME to take place on either March 12, 2026 or March 27, 2026. (Dkt. #58-1 at 7.) Given the time to brief and rule on the instant Motion to Compel, those proposed dates are too soon. Ordering Plaintiff to appear in Connecticut on those two dates may create an unnecessary scheduling hardship. The Court therefore orders the parties to meet and confer to decide on a date for the IME to occur, taking into account the travel that Plaintiff must carefully prepare for.

Saberski "will not be performing an EMG." (Dkt. #61 at 3-4). Because it does not appear that the invasive testing opposed by Plaintiff will occur during the IME, the Court finds this request moot.

Plaintiff also requests that Dr. Saberski be barred from questioning Plaintiff "about the facts and circumstances of the blood draw that she alleges was negligently performed." (Dkt. #60 at 6.) As Defendant correctly points out, "[t]he onset of Plaintiff's symptoms are inextricably connected to the events of the blood draw." (Dkt. #61 at 4.) As a threshold matter, "[d]uring Rule 35 examinations, a physician must be allowed to ask the examinee questions that are reasonably necessary to form an opinion about the condition at issue." *Rance v. Jefferson Vill. Condo. No. 5*, No. 18 Civ. 6923 (JCM), 2019 U.S. Dist. LEXIS 238432, at *13 (S.D.N.Y. Sept. 23, 2019). A court will "refrain from limiting the manner in which an examination is conducted, or the questions asked absent good cause." *Id.*

Plaintiff argues that the questioning be limited because the IME will occur after her deposition and "the Defense examiner will have a deposition transcript to review and rely upon regarding" the blood draw at issue. (Dkt. #60 at 6.) The Court does not find that this reasoning constitutes good cause to permit the requested questioning limitation. "[An] examinee's medical history is routine during a Rule 35 examination and assists the physician in his or her evaluation." *Rance*, 2019 U.S. Dist. LEXIS 238432, at *13. Restricting Dr. Saberski from inquiring into the facts and circumstances of the blood draw may impede the physician's ability to fully assess Plaintiff's injury. Likewise, the Court is not in the position to determine what information an independent medical expert needs to sufficiently analyze claimed injuries and damages. *Id.* at *14. Therefore, Plaintiff's request that Dr. Saberski refrain from questioning Plaintiff about the facts and circumstances of the blood draw at issue is denied.

IV.    <u>CONCLUSION</u>

Defendant's Motion to Compel an independent medical examination is GRANTED. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED on this **10th** day of **March, 2026** at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge